## (February 3, 1965)

■ HUMBLE OIL & REFINING COMPANY, Appellant, v. 3825 BROADWAY CORP., Respondent.— Order, entered December 14, 1964, denying plaintiff's motion for a temporary injunction restraining defendant from interfering with plaintiff's peaceful possession of the premises, unanimously reversed on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to abide the event, the motion is granted, with $10 costs, and an immediate trial is directed.  Concourse Super Service Station, Inc., as Humble's lessee, may have ceased operations, removed its equipment, ceased paying rent to Humble, and abandoned the premises.  Plaintiff Humble, however, has at all times paid or tendered payment of rent to Broadway, has kept the premises insured, and has claimed continuing legal possession at all times since delivery of Broadway's notice of intention to terminate the basic lease.  Shortly after that notice was given, and long before Broadway's purported termination of the basic lease Humble commenced a summary proceeding against its tenant for possession of the premises.  On this showing it is not clear which side will ultimately prevail.  While Humble was attempting to gain physical possession from its tenant through a summary proceeding,

commenced on August 24, 1964, Broadway, the owner, assumed to take possession without benefit of judicial proceedings. Indeed, it placed its own locks on the doors more than a month before its purported termination of the basic lease. Disposition of Humble's summary proceeding was unfortunately delayed through no fault of Humble's. The unfortunate confrontations at the premises between the agents of the parties asserting conflicting claims to possession, could have been avoided, however, had Broadway likewise commenced a summary proceeding against Concourse or Humble. Under these circumstances it is appropriate that Humble be continued in possession, if only to avoid the extremities of self-help and the likelihood of forceful dispossession, until the conflicting claims can be resolved at the trial, which should be held at the earliest possible date. On the argument both sides indicated their anxiety to proceed to an early trial. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.